IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04695-PAB

YAASSIIN BAASHAA-FISHEE,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, and
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Yaassiin Baashaa-Fishee's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 5.

## I. BACKGROUND[1]

Petitioner is a native of Ethiopia. Docket No. 1 at 6, ¶ 23. Petitioner entered the United States on or about December 8, 2023.[2] *Id.* On or about December 11, 2023,[3]

[1] Respondents declined to "detail[] the facts and circumstances of th[e] case" in their filing. Docket No. 5 at 1. Accordingly, the Court draws all facts from Mr. Baashaa-Fishee's petition.

[2] Mr. Baashaa-Fishee's petition states his date of entry as both July 7, 2023 and December 8, 2023. *Compare* Docket No. 1 at 1, ¶ 2 *with id.* at 6, ¶ 23. For purposes of this order, the Court adopts the information provided in the Statement of Relevant Facts as opposed to the Introduction.

[3] Mr. Baashaa-Fishee's petition states both that "[g]overnment officials detained him for approximately one day" and that "[h]e was detained by U.S. Border Patrol for approximately three days." *Compare* Docket No. 1 at 1-2, ¶ 2 *with id.* at 6, ¶ 24.

petitioner was released on an Order of Release on Recognizance ("OREC"), subject to Immigration and Customs Enforcement's Intensive Supervision Appearance Program ("ISAP"). *Id.*, ¶¶ 24-25. Under ISAP, petitioner was subject to multiple check-in procedures and wore a GPS-tracking monitor. *Id.*, ¶ 25. Petitioner never received any indication from the government that he had violated the terms of his supervision and has no criminal history. *Id.* at 6-7, ¶¶ 25, 27.

On September 13, 2026, respondents re-detained petitioner without a warrant or any other document explaining the basis for the renewed detention. *Id.* at 7, ¶¶ 32-33. To date, respondents have provided no notice of failure to comply with the conditions of release, have not allowed petitioner the opportunity to contest his re-detention, and have not explained any new circumstances which justified detaining petitioner. *See id.* at 8, ¶¶ 34-36. Petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.*, ¶ 37.

On September 23, 2026, petitioner filed a petition for writ of habeas corpus. *See generally id.* Among other things, petitioner asserts that respondents violated his procedural due process rights by unlawfully re-detaining him without an opportunity to be heard after previously releasing him on an OREC. *Id.* at 16, ¶¶ 67-70.[4] On October 5, 2026, respondents filed a response, indicating that they "are not submitting a brief in opposition to the Petition." Docket No. 5 at 1.

[4] Count two of the petition claims that respondents unlawfully revoked his release "without an individualized determination of changed circumstances." *See* Docket No. 1 at 14-16, ¶¶ 60-66. Petitioner does not, however, clarify what right such conduct violates. *See generally id*. The Court considers petitioner's allegations as part of his procedural due process claim.

## II. ANALYSIS

The Court considers petitioner's procedural due process claim. Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), a court considers the following in weighing a procedural due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was previously released pursuant to an OREC. In releasing petitioner on an OREC, the respondents necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Petitioner asserts that respondents failed to explain his change in custody status, *see* Docket No. 1 at 8, ¶¶ 34-36, and respondents' filing does not state why petitioner's OREC was revoked. *See generally* Docket No. 5. Where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk, there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See, e.g.*, *Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own

recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation, and citation omitted); *Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention . . . is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," petitioner was previously released on parole, and "[f]ederal [r]espondents do not contend that [petitioner] is or was a flight risk or a danger to the community") (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)); *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest."). The Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance

justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge,* 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's procedural due process rights were violated. Respondents provide no argument to the contrary. In particular, they do not contend that petitioner is a flight risk or danger to the community or provide any reason for the revocation of petitioner's OREC. Thus, the Court will grant the habeas petition and order petitioner's immediate release with the same conditions of release that were imposed during petitioner's initial release.[5] *See Perez-Cifuentes*, 2026 WL 1733489, at *3, *5 (granting habeas petitioner "immediate release" without "any additional restrictions" where "[p]etitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination") (internal quotations and citation omitted); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) (holding that "[i]mmediate release is the appropriate remedy" and ordering that respondents "not impose any conditions of release or supervision that were not imposed in the original grant of parole" where respondents do not argue that petitioner "pose[s] a risk of flight or danger to the community") (internal quotation and citation omitted); *Ekenge*, 2026 WL

[5] Because the Court will grant the habeas petition on the basis that respondents violated petitioner's procedural due process rights, it will not consider petitioner's other claims.

617341, at *7 ("[O]ther courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) (ordering petitioner's immediate release "in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger").

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Yaassiin Baashaa-Fishee's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order pursuant to the conditions of petitioner's initial release. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED October 13, 2026.

BY THE COURT:

s/ Philip A. Brimmer______
PHILIP A. BRIMMER
United States District Judge